**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Federal National Mortgage Association,   Civil No. 12-898 JNE/AJB

Plaintiff,

v.   **REPORT AND RECOMMENDATION**
**ON MOTION FOR REMAND**

Jeremy M. Payne, John Doe, and
Mary Roe,

Defendants.

This matter came on for hearing before the Court, Chief Magistrate Judge Arthur J. Boylan, on June 12, 2012, at the U.S. Courthouse, 300 South Fourth St., Minneapolis, MN 55415, on plaintiff's motion for remand to state court.  Curt N. Trisko, Esq., appeared on behalf of the plaintiff.  Jeremy M. Payne appeared *pro se* on his own behalf.  Defendants removed the action from Minnesota state court alleging federal question jurisdiction.[1]  Plaintiff now challenges the assertion of federal question jurisdiction and moves for remand of the case to Washington County District Court.  The case has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636.  It is the court's determination herein that the federal court does not have federal question jurisdiction in this matter and that remand is appropriate.

Now therefore, based upon the file, memorandums, and arguments of counsel and *pro se* defendants, is it **HEREBY RECOMMENDED** that plaintiff's motion to remand the case to Washington County District Court be **granted** [Docket No. 4].  It is **further recommended** that plaintiff's motion for costs and fees be granted in the amount of $1662.50.

---

[1] The Notice of Removal also asserts the $75,000 amount in controversy as a basis for federal jurisdiction.  The amount in controversy factor relates to diversity jurisdiction which is not alleged in this case.

1

Dated: ___July 3, 2012___

          __s/Arthur J. Boylan____
          Arthur J. Boylan
          United States Chief Magistrate Judge

**MEMORANDUM**

Plaintiff initially brought this action in Washington Country District Court by Complaint against the Defendants for unlawful detainer.  The Complaint alleges that the Defendants failed to vacate property following foreclosure proceedings and expiration of a 6-month redemption period.  Defendants removed the case from Minnesota state court to federal court based upon federal question jurisdiction.  Plaintiff now moves for remand of this action back to state court asserting that no federal question was alleged in the Complaint and that removal was therefore improper.

A case commenced in a state court may be removed by the defendant to the district court of the United States for the district where such action is pending, if the district courts of the United States have original jurisdiction.  28 U.S.C. § 1441.  A case brought in state court is properly removed to a federal court if either diversity of citizenship jurisdiction or federal question jurisdiction exists.  Diversity jurisdiction is not asserted in this case and would not apply in any event because Defendant Jeremy Payne is a Minnesota citizen and may not remove pursuant to 28 U.S.C. § 1441(b)(2), barring removal on diversity grounds by a defendant who is a citizen of the state in which the suit is brought.

Defendant Jeremy M. Payne asserts that the federal court has federal question jurisdiction under federal law in this matter pursuant to 28 U.S.C. § 1331.  Under 28 U.S.C. 1441(a), "[A]ny civil action brought in a State court of which the district courts of the United

States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." Pursuant to 28 U.S.C. § 1331, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, not every case that implicates federal law is within § 1331 jurisdiction. Rather, jurisdiction of the district courts is present in "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S.Ct. 2841 (1983).

The complaint in this action is a concise pleading for eviction and restitution of property under Minnesota law. It alleges no claims under federal law. Nonetheless, Defendant Payne asserts federal question jurisdiction based upon claims he intends to allege in a pleading that has not been served or filed. Notwithstanding the Defendant's intent to allege federal claims, removal based upon federal question jurisdiction does not apply because affirmative defenses founded upon federal law do not satisfy the well-pleaded complaint rule. *See* M. Nahas & Co. v. First Nat'l Bank of Hot Springs, 930 F.2d 608, 611 (8th Cir. 1991).

**Fees and Costs**

Costs and fees may be awarded to Plaintiff when a case removed from state court to federal court by the Defendant is remanded. 28 U.S.C. § 1447(c). An award of fees under §1447(c) is left to the discretion of the district court. Maxwell v. Sassy, Inc., 2011 WL 5837941 (D. Minn., November 21, 2011) [2] (citing Martin v. Franklin Capital Corporation, 546 U.S. 132, 139, 126 S.Ct. 704 (2005)). In determining whether to award fees, the Court considers the "reasonableness of the removal" and "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable

---

[2] U.S. Dist. Ct., Dist. of Minn. Civil File No. 11-1354 DWF/JSM.

basis for seeking removal." Id. at *5 (quoting Martin at 141). The Court concludes that remand to state court is proper and the facts alleged in the complaint do not provide Defendant Payne an objectively reasonable basis for removal. The Court finds that the amount of $1662.50 incurred in seeking remand is reasonable.

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before July 18, 2012. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.